N O T E :  C H A N G E S  M A D E  B Y  T H E  C O U R T

Eric M. Schiffer, Esq. (SBN 179695)
William Buus, Esq. (SBN 180059)
**SCHIFFER & BUUS, APC**
3070 Bristol Street, Suite 530
Costa Mesa, California 92626
Telephone: (949) 825-6140
Facsimile: (949) 825-6141
Email:  eschiffer@schifferbuus.com
           wbuss@schifferbuus.com

Attorneys for Plaintiff Douglas Hendricks, M.D.

Andres F. Quintana (SBN 190525)        Keith G. Wileman, Esq. (SBN 111225)
John M. Houkom (SBN 203240)            S. Martin Keleti (SBN 144208)
**QUINTANA LAW GROUP, APC**            **VEATCH CARLSON, LLP**
26135 Mureau Road, Suite 101           700 South Flower Street, Suite 2200
Calabasas, California 91302            Los Angeles, California 90017
Telephone:  (818) 914-2100             Telephone:  (213) 404-1146
Facsimile:  (818) 914-2101             Facsimile:  (213) 383-6370
E-mail: andres@qlglaw.com              E-Mail: kwileman@veatchfirm.com
           john@qlglaw.com                        mkeleti@veatchfirm.com

Attorneys for Defendant
Physicians Skin & Weight Centers, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS HENDRICKS, M.D., an individual, | CASE NO. SACV12-2169 AG (RNBx) |
| Plaintiff, | **[DISCOVERY DOCUMENT REFERRED TO MAGISTRATE JUDGE ROBERT N. BLOCK]** |
| vs. | |
| PHYSICIANS SKIN & WEIGHT CENTERS, INC., a California Corporation; DOES 1-10, inclusive, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

# I.

## __INTRODUCTION__

This action involves claims of copyright infringement, false advertising and unfair business practices, among others, by Plaintiff Douglas Hendricks, M.D. ("Plaintiff") against Defendant Physicians Skin & Weight Centers, Inc. ("Defendant"). In connection with the claims and defenses in this case, the parties intend to request the discovery of documents and information that are particularly sensitive, including: (1) Plaintiff's trade secrets and personal financial documents; (2) Defendant's corporate financial documents, internal operating procedures, profits, client information and other trade secrets; and (3) documents in the possession, custody and control that may affect the right to privacy of third parties, and the like.

In order to protect Defendant's confidential business records and Plaintiff's personal and business information consistent with the public's right of access to the Court's records and processes, the parties, by their undersigned counsel, hereby stipulate pursuant to Fed. R. Civ. P. 26(c)(1)(G), subject to approval and entry by the Court, as follows:

# II.

## __GOOD CAUSE EXISTS FOR THIS ORDER__

Defendants contend that the details relating to Defendant Physicians Skin & Weight Centers, Inc.'s corporate and business operations, including, profits, expenses, marketing, employee records, internal operating procedures, business plans and client information is confidential business information. Defendant maintains that it operates in a highly competitive industry, and contends that disclosure of non-public information about Defendant Physicians Skin & Weight Centers, Inc.'s profits, expenses, marketing, internal operating procedures, employee records, business plans and client information would give its competitors an advantage to which it is not lawfully entitled. Good cause exists to protect the confidentiality of information relating to Defendant's profits, expenses, employee records, marketing,

internal operating procedures, business plans and client information.  As this type of confidential information is not ordinarily available to other companies, Defendant contends that this information requires special protection in this lawsuit, as set forth in the terms and conditions of this Order.

Plaintiff contends that the details relating to his manner of doing business, including any potential trade secrets, marketing, internal operating procedures, business plan, client information, as well as his personal financial information, is confidential.  Good cause therefore exists to protect the confidentiality of this information.  As this type of confidential information is not ordinarily available to the public, Plaintiff contends that this information requires special protection in this lawsuit, as set forth in the terms and conditions of this Order.

Defendant and Plaintiff also contend that, because this case deals with health services and medical care, albeit peripherally, there are also likely to be instances where the identity and/or personal information related to Plaintiff and Defendant's clients and/or patients may be relevant to the issues in this case, or at least responsive to legitimate discovery conducted in the course of this matter.  Good cause exists to protect the confidentiality of information relating to third parties private personal and medical information.  As this type of confidential information is not ordinarily available to the public, Defendant and Plaintiff both contends that this information requires special protection in this lawsuit, as set forth in the terms and conditions of this Order

### III.

### **TERMS AND CONDITIONS**

Any person or party subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

**A. <u>Materials That May Be Designated Confidential</u>**

Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either during initial disclosures or in response to discovery requests in this litigation by any party (hereafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" and/or "Attorneys' Eyes Only" under this Protective Order.

The designations "Confidential" and/or "Attorneys' Eyes Only" shall be limited to Discovery Materials which the producing party or non-party reasonably believes not to be in the public domain and contains any trade secret or other confidential, competitively sensitive information. "Confidential" and/or "Attorneys' Eyes Only" material shall not include information that was, is or becomes public knowledge, not in violation of this Order or any other obligation of confidentiality, or was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

**B. <u>Procedures for Designating Discovery Materials as Confidential</u>**

Any Discovery Materials that are to be designated "Confidential" and/or "Attorneys' Eyes Only" may be so designated by the producing party or non-party by (i) stamping "Confidential" and/or "Attorneys' Eyes Only" on the Discovery Materials, or (ii) by furnishing a separate written notice to the undersigned counsel for the party receiving such Discovery Materials at the time of their production or as soon thereafter as practicable (but in no event more than ten business days after production of such Discovery Materials), specifically identifying the documents or materials as "Confidential" and/or "Attorneys' Eyes Only" and by providing copies of the documents, material or information so designated.

All designations of Discovery Materials as "Confidential" and/or "Attorneys' Eyes Only" in this case must be made in good faith.  Any party who either objects to

1  any such designation, or who, by contrast, requests still further limits on disclosure

2  (such as in camera review in extraordinary circumstances), may at any time prior to

3  the trial of this action serve upon counsel for the designating person or party a

4  written notice stating with particularity the grounds of the objection or request.  If

5  agreement cannot be reached promptly, counsel for the objecting party may seek

6  appropriate relief from the Court in accordance with Local Rule 37 and the party

7  asserting confidentiality shall have the burden of demonstrating good cause.

8        Inadvertent production of or failure to designate any information as

9  "Confidential" and/or "Attorneys' Eyes Only" shall not be deemed a waiver of the

10  producing party's or non-party's claim of confidentiality as to such information, and

11  the producing party or non-party may thereafter designate such information as

12  confidential as appropriate.

13        The parties shall serve a copy of this Order simultaneously with any discovery

14  request made to a non-party in this action.

15        Upon a showing of good cause, a party may designate as "Confidential" and/or

16  "Attorneys' Eyes Only" Discovery Material any deposition testimony in these

17  proceedings or any portion thereof by (i) notifying counsel for the parties in writing

18  of those pages or portion of pages of the transcript which are to be stamped and

19  treated as "Confidential" and/or "Attorneys' Eyes Only" Discovery Material, such

20  notice to be given no later than fifteen (15) days after actual receipt of the transcript

21  of the deposition by such notifying party's counsel; or (ii) designating the material as

22  "Confidential" and/or "Attorneys' Eyes Only" Discovery Material on the record.

23  Prior to the expiration of such fifteen (15) day period (or until a designation is made

24  by counsel, if such a designation is made in a shorter period of time), the entire

25  deposition shall be treated as if it were CONFIDENTIAL-ATTORNEYS' EYES

26  ONLY material.

27

28

### C. **Permissible Uses of Confidential Discovery Materials**

Any person or party subject to this Order who receives from any other person or party any Discovery Materials that is designated as "Confidential" and/or "Attorneys' Eyes Only" pursuant to the terms of this Order (the "Confidential Discovery Materials") shall not disclose such Confidential Discovery Materials to anyone else except as expressly permitted hereunder.

Confidential Discovery Materials designated as "Confidential" may be disclosed *only* to the following categories of persons:

1. the parties to this action, including their employees;

2. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

3. its author, its addressee, and any other person indicated on the face of the document as having received a copy;

4. any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

5. stenographers engaged to transcribe depositions conducted in this action and their support personnel;

6. the Court and its support personnel; and

7. as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

By contrast, Confidential Discovery Materials designated as "Attorneys' Eyes Only" may be disclosed *only* to the categories of persons identified in subparagraphs (2) – (7) above.  To be clear, the parties to this action, including general counsel for the parties (as distinguished from outside counsel retained specifically for this

1   action), shall ***not*** have access to Confidential Discovery Materials designated as

2   "Attorneys' Eyes Only."

3       Prior to any disclosure of any Confidential Discovery Materials to any person

4   referred to in subparagraph (4) above, such person shall be provided by counsel with

5   a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed

6   as an Exhibit A hereto, stating that that person has read this Order and agrees to be

7   bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement,

8   hold it in escrow, and upon request produce it to opposing counsel either prior to

9   such person being permitted to testify (at deposition or trial) or at the conclusion of

10   the case, whichever comes first.

11   **D. <u>Filing Documents Under Seal</u>**

12       In accordance with Local Rule 79-5.1, if any papers to be filed with the Court

13   contain information and/or documents that have been designated as "Confidential" or

14   "Attorneys' Eyes Only," the proposed filing shall be accompanied by an application

15   to file the papers or the portion thereof containing the designated information or

16   documents (if such portion is segregable) under seal; and the application shall be

17   directed to the judge to whom the papers are directed.  For motions, the parties shall

18   publicly file a redacted version of the motion and supporting papers.

19   **E. <u>Procedures Upon Termination of Action</u>**

20       Within thirty business days following the running of any applicable time to

21   appeal any order or ruling entered in this action, the parties or persons subject to this

22   Order shall either (i) return all copies of all Confidential and/or "Attorneys' Eyes

23   Only" Discovery Materials to the party or person who produced such materials, or

24   (ii) certify to that party or person that all such materials have been destroyed, except

25   that the parties agree and acknowledge that their outside counsel retained specifically

26   for this action is permitted to retain one copy of the Discovery Materials for their

27   files, subject to the same disclosure restrictions discussed above, which shall attach

28   to those retained documents permanently.

Quintana Law
Group, APC

**F. Reservation of Rights**

This Order shall not affect the right of any party or person subject to this Order to oppose production of Confidential and/or Attorneys' Eyes Only Discovery Materials on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

Nothing in this Order shall prejudice the right of any party or person subject to this Order to move the Court to broaden or restrict the rights of access to and use of particular Confidential and/or Attorneys' Eyes Only Discovery Materials, or to seek modifications of this Order upon due notice to all other parties and affected protected persons.

All persons governed by this Order, by reviewing Confidential and/or Attorneys' Eyes Only Discovery Materials, or seeking the protections of this Order, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

///

///

///

///

///

///

///

///

///

///

///

### G. <u>Compliance With Subpoena</u>

Nothing contained in this Order is intended to be construed as authorizing or encouraging a party in this action to disobey a lawful subpoena issued in another action.

IT IS SO STIPULATED:

DATED: June 24, 2013      QUINTANA LAW GROUP, APC


By:
     /s/ Andres F. Quintana
     Andres F. Quintana, Esq.

VEATCH CARLSON, LLP
     Keith G. Wileman, Esq.
     S. Martin Keleti, Esq.

     Attorneys For Defendant Physicians Skin & Weight Centers, Inc.

DATED: June 24, 2013      SCHIFFER & BUUS, APC


By:
     /s/ Eric M. Schiffer
     Eric M. Schiffer, Esq.
     William Buus, Esq.
     Attorneys For Plaintiff Douglas Hendricks, M.D.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: <u>June 24, 2013</u>      _____
     Honorable Robert N. Block
     United States Magistrate Judge

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in Case No. SACV12-2169 AG (RNBx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

Quintana Law Group, APC