Eric M. Schiffer (SBN 179695)
William L. Buus (SBN 180059)
SCHIFFER & BUUS, APC
3070 Bristol Street, Suite 530
Costa Mesa, California 92626
Telephone:   (949)825-6140
Facsimile:   (949)825-6141
Email:       eschiffer@schifferbuus.com
             wbuus@schifferbuus.com

Attorneys for Plaintiff,
DOUGLAS HENDRICKS, M.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS HENDRICKS, M.D., an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PHYSICIANS SKIN & WEIGHT CENTERS, INC., a California Corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.:  8:12-cv-02169-AG-RNB<br><br>Complaint Filed:  December 14, 2012<br>Trial:                 March 25, 2014<br><br>**DECLARATION OF HENRY KAHRS IN SUPPORT OF PLAINITFF'S OPPOSITION TO MOTIONS BY DEFENDANT FOR SUMMARY JUDGMENT AND TO EXCLUDE HENRY KAHRS AS AN EXPERT**<br><br>**DATE:  February 24, 2014**<br>**Time:     10:00 a.m.**<br>**Crtrm:  10D** |

I, Henry J. Kahrs, CPA, ABV, declare as follows:

1.  I am the Managing Partner of the Los Angeles and Orange County offices of RGL Forensics.  RGL Forensics is an international consulting firm specializing in forensic accounting, economic damage analysis and valuation.  My practice involves all three of these areas.  I am a Certified Public Accountant (CPA), Accredited in Business Valuation (ABV), a Certified Management Accountant (CMA), Certified Fraud Examiner (CFE) and Accredited in Financial Forensics (CFF).  I received a Masters in Business Administration in Finance from California State University-Fullerton.  I have been practicing for over 28 years and have been involved in numerous cases involving financial analysis and business valuation.

2.  I was retained by the Plaintiff in this case to calculate damages based upon the defendant's profits, assuming the plaintiff met his burden of proof relating to infringement.  I was not retained to opine on causation.  We issued a report on November 25, 2013 calculating damages of $1,411,466.00.  A true and correct copy of this report is attached as Exhibit A.

3.  I submit this declaration in response to the declaration of David J. Weiner, which I have reviewed, as well as in support of plaintiff's opposition to defendant's motion for summary judgment and to exclude my testimony.

4.  We reviewed Mr. Weiner's report and declaration in which he makes general statements about our report but provides no independent analysis, or actual analysis of the damages.

5.  In his declaration Mr. Weiner states that my calculation assumes 92% of the defendant's revenue is generated from advertising, and that we ignore other key factors. While he mentions several factors, he makes no effort to show that our conclusion is incorrect.  We used the data the defendant provided.  We understand that in email correspondence with the billboard advertiser the defendant indicated that it used unique telephone numbers to track calls from each billboard.  Defendant did not provide the

call data which would enable Mr. Weiner to actually analyze and prove his point. Subsequent to reviewing those emails and producing my report, I was informed that the director of the defendant, Mr. Menon, testified that he lied to the billboard advertisers about tracking phone data.  As such, I have no way of knowing whether or not the defendant actually tracked the phone data, as represented.  I note, however, that Mr. Weiner likewise did no actual analysis of the other factors he mentions (although this data may also be in the hands of the defendant).

6.   We also note that our analysis only attributes approximately 37% of revenue to Clear Channel & CBS.  Mr. Weiner's mention of 92% is misleading.

7.   Mr. Weiner also states that my calculation assumes 100% of the revenues are generated by the image in question.  As noted in Paragraph 5 and again here, Mr. Weiner is required to provide the apportionment of the profits attributable to other factors.  Any data that might enable this calculation is in the hands of the defendant and has not been produced.  Mr. Weiner had access to the records and chose not to perform any specific analysis that might prove his point.

8.   He also states that we did not separate out revenue from products or services that are not promoted on the billboards.  Again, this is an apportionment issue and is the burden of the infringer to prove.  Mr. Weiner had access to the data and made no efforts to calculate these profits.  I was also informed that the defendant testified that it made no such separation and merely tracked the gross revenue of the business.

9.   Mr. Weiner then argues the defendant uses a cash basis of accounting and that the defendant did not pay its bills on time.  This is also a red herring with no basis.  Again, the accrual based data is only in the possession of the defendant.  Mr. Weiner made no effort to analyze the data on an accrual basis.

10. Mr. Weiner states he believes the use of a three-month average is arbitrary.  The use of a moving average is simply a tool to smooth the data to make a more accurate regression.  It is a methodology routinely used by statisticians.  He makes no effort or

DECLARATION OF HENRY KAHRS

statement to make a calculation using the period of time he deems proper.  He also made no effort to obtain the call data that the defendant may or may not have had that would enable him to calculate a more proper period.

11. Mr. Weiner states he is unclear on how the adjustments for advertising revenue for December 2011 and January-February 2012 were made.  The results of these adjustments are immaterial to our final calculation, and his inability to replicate this and other analyses in our report is irrelevant and not an opinion.

12. Mr. Weiner provides a graph in his report and tries to somehow conclude that the correlation between advertising and revenue is weak at best.  While he criticizes our report for not showing statistics, he also does not show statistics to support his claim that the correlation is weak at best.  One could look at his same graph and argue there is correlation.  In fact his appendix in which he uses different periods to show the correlation changes proves that there is correlation.  In fact the R-Squared he calculates is in most cases over 40%.  His Appendix A-3 actually calculates the range of revenue earned by each advertising dollar spent by the defendant on billboards.  The range according to Mr. Weiner's own chart is that $3.02 to $4.87 is earned from sales from each advertising dollar spent on billboards.  He then argues, however, that there is no correlation between billboard advertising dollars spent and revenue.  This is in contrast to his own chart.  It also makes no sense that anyone would spend advertising dollars with no return.

13. During the period of time we had data (2009 through 2012) the defendant spent $3,068,864 on advertising (44.7% of which was spent on billboard advertising).  At times, the overall advertising expenditure was up to 15% of its revenue.  The premise that there is no correlation between advertising and revenue is therefore preposterous on its face.  If Mr. Weiner and defendant's other expert's contentions were true, defendant would have spent nothing on advertising and made the same revenue.

14. Any of Mr. Weiner's other criticisms are issues relating to apportionment.  The

DECLARATION OF HENRY KAHRS

defendant chose what data it produced in discovery and our analyses were based on said data. The apportionment arguments made by Mr. Weiner could be calculated by obtaining relevant information from the defendant, which is the responsibility of Mr. Weiner, who made no such efforts. One can only conclude that had he taken those efforts, our calculations would be shown as correct, if not understated.

15. We further note that defendant's argument that our analysis ignores data prior to 2009, and that defendant was profitable before using the image in question is not well-taken because any data prior to 2009 was not produced until after our report was issued.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 31st day of January, 2014.

HENRY J. KAHRS, CPA/ABV/CFF, CFE, CMA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**<u>CERTIFICATE OF SERVICE</u>**

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the above-entitled action.  My business address is 3070 Bristol Street, Suite 530, Costa Mesa, CA 92626.  I hereby certify that on February 3, 2014, pursuant to agreement of the parties, I electronically served the foregoing **DECLARATION OF HENRY KAHRS IN SUPPORT OF PLAINTIFF'S OPPOSIITON TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO EXCLUDE HENRY KAHRS AN EXPERT** by transmitting via email or electronic transmission the document listed above to the person at the email address set forth below**:**

SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 3, 2014 at Costa Mesa, California.

_/s/Eric M. Schiffer_

Eric M. Schiffer

DECLARATION OF HENRY KAHRS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>SERVICE LIST</u>

Andres Quintana
John Houkom
QUINTANA LAW GROUP
26135 Mureau Road, Suite 101
Calabasas, California 91302
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
E-mail: andres@qlglaw.com
          john@qlglaw.com

Keith Wileman
S. Martin Keleti
VEATCH CARLSON, LLP
700 South Flower Street, 22nd Floor
Los Angeles, CA 90017-4209
Telephone:  (213) 381-2861
Facsimile:  (213) 383-6370
E-mail:  kwileman@veatchfirm.com
          mkeleti@veatchfirm.com

Attorneys for Defendant PHYSICIANS SKIN & WEIGHT
CENTERS, INC.

7
DECLARATION OF HENRY KAHRS

# EXHIBIT A



625 The City Drive South, Suite 290    Telephone  714.740.2100
Orange, California  92868                     Facsimile   714.740.2020

rgl.com

November 25, 2013

Eric Schiffer, Esq.
Schiffer & Buus
3070 Bristol Street, Suite 530
Costa Mesa, California 92626

Re:     Hendricks vs. Physicians Skin & Weight Centers
        RGL File No.: 1027845

Dear Mr. Schiffer:

RGL Forensics, Inc. ("RGL") was engaged by you on behalf of Dr. Hendricks to perform analysis and calculation procedures relating to the above referenced litigation. Specifically, you have asked us to provide our opinion regarding damages sustained by the Plaintiff as a result of alleged copyright infringement and false designation of origin by the Defendants.

This report is being issued as of November 25, 2013 and was prepared by the undersigned for purposes of the above-referenced litigation and provides my professional opinions with respect to the damages, as set forth below.

Information contained in this report shall not be used or relied upon for any other purpose than the above referenced matter.  We reserve the right to amend, modify and provide supplements to this report if additional information is obtained and additional work is requested or completed.

## DOCUMENTS REVIEWED

- The Complaint
- Monthly financial statements from January 2009 through April 2013
- Statement of cash flows from January 2009 through April 2013
- Quickbooks general ledger from January 2009 through April 2013
- Summary of advertising expenses
- Summary of advertising expenses from Clear Channel & CBS
- Various invoices from Clear Channel & CBS
- Various e-mails from the Defendant to and from Clear & Channel & CBS
- The Copyright Act Section 504
- Lanham Act, Section 43a

RGL Forensics
Discovering & Defining Financial Value

Eric Schiffer, Esq.
November 25, 2013

## INTRODUCTION

RGL, Inc. has been engaged to calculate the damages suffered by Dr. Hendicks in the captioned litigation.  We understand that under the Copyright Act, Section 504 "an infringer of a copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer; or (2) statutory damages."   Under Section 15 USC 1117(a) of the Lanham also allows the Plaintiff to recover the defendant's profits.

According to the Complaint, Dr. Hendricks is a board certified Plastic Surgeon who took "before and after" photographs of some of his patients.  In 2012 Dr. Hendricks noticed one of his photographs on a billboard in Southern California.   In discovery, Plaintiff has learned that Defendant has used his image since 2009.  We have been requested to calculate the profits earned during the infringing period from the use of the image(s).  At this time we have not beenrequested to provide an analysis of actual damages suffered by the Plaintiff.

We understand that from 2009 through approximately February 2012 virtually all the billboards displayed by the Defendant carried the image that was owned by Plaintiff.  We have been provided with a summary of the billboards used by defendants and the costs for those billboards.  We understand that for a brief period from December 2011 through February 2012 the defendant used a different image on its billboard, but then switched back to the image owned by Plaintiff.

## ANALYSIS OF ADVERTISING EXPENSES AND REVENUE

We understand that the Defendant began operations sometime in 2006.  We have been provided with monthly data from January 2009 through April 2013.  Based on our review of the documents we noted several e-mails between Clear Channel/CBS and the defendants that discuss a direct relationship between using the billboards containing the image owned by Plaintiff and the revenue generated by the use of that image.  For example one e-mail reads "The CBS Billboard on Business 80 has generated over 30 calls in the last one week."

Based on this and other e-mails, it appears the Defendant tracks is calls from each billboard, although we have not received this data to date.  We understand that during the infringing time period, the Defendant operated in as many as 5 locations.  The data we received does not provide a breakdown by location.  Therefore, our analysis is based on the entire data set.

Using the data provided, we performed certain statistical analyses on the advertising expenses and revenue.  Specifically, an ordinary least squares regression was performed to forecast the amount of revenue that is associated with advertising from Clear Channel and CBS as well as from other advertising.  We understand that the payments to Clear Channel and CBS represent billboard advertising that the Defendant used and that the billboards included the images owned by the Plaintiff.  We did note that in December 2011, it appears that Defendant changed the image used on some of its Clear Channel Billboards.  In February of 2012 they requested that

RGL Forensics
Discovering & Defining Financial Value

Eric Schiffer, Esq.
November 25, 2013

the allegedly infringing image be used again.  For our calculations we removed all Clear Channel advertising expenses for one-half of December 2011, all of January 2012 and one-half of February 2012.

Since some of the payments for advertising did not occur in the same month that the revenue was generated, a three month moving average was applied to smooth the advertising data. Revenue was regressed on advertising costs from Clear Channel and CBS as well as other advertising.  The following regression was performed and all variables are statistically significant meaning advertising had a significant and positive impact on revenue generated.  For each dollar invested in advertising for Clear Channel-CBS, revenue increased by $5.38.  Revenue increased by $6.63 for each dollar of other advertising.  Using this statistical analysis, we determined Clear Channel and CBS billboard advertising which used the image in question generated a total of $7,284,343 in revenue over the period March 2009 to April 2013.

Our analysis is reflected on Schedule 2.  Exhibit 1 to this report reflects a graphic illustration of the relationship between advertising and revenue.

We understand Defendant stopped using the image in approximately February 2013.  We extended our calculation to April to account for the time period between sight of the image and revenue received.  As noted above, we have not received the data to determine the actual time between the sight of the image on the billboard and the time revenue was received.  The information tracking the source of leads has not been provided by Defendant.  If we receive this data at a later time, and can calculate the actual time between use of the image and revenue, we reserve the right to update our analyses.

## CALCULATION OF PROFITS EARNED ON INFRINGING REVENUE

To calculate the profits earned on the infringing revenue, we analyzed the income statements for the period we received them.  Our summary of the profit and loss statements and the analysis of those statements are reflected on Schedule 3.

We analyzed each expense item to determine if it was fixed or variable.  To calculate the profits earned using the image, we deducted the variable expenses directly from revenue to calculate the incremental profits earned by the defendant.  We noted that variable expenses totaled 12.21% of revenue.  Applying this percentage to revenue results in saved direct costs of $889,381.  When this is deducted from the revenue generated by the billboards using the image in question, the result is a gross margin of $6,394,962.  We then deducted advertising costs paid to Clear Channel and CBS of $1,371,669.  Please refer to Schedule 4.  This results in an incremental profit earned by the defendant of $5,023,293.

While we understand that as the Plaintiff, our analysis and requirement is only to prove the sales of the infringer, and one could argue the incremental profits (sales less variable costs) would represent the profits earned by the infringer, we have undertaken analyses to allocate fixed costs.  This represents the most conservative approach to calculate the profits earned by

Eric Schiffer, Esq.
November 25, 2013

the infringer. To make the allocation, we reviewed profit and loss statements of the defendant. We eliminated salaries and perquisites to the owners that were included on the profit & loss statement as fixed costs as considered these items profits.  We also analyzed depreciation separately, and we will discuss these later in this report.  The remaining fixed expenses were allocated to the infringing revenue based on the percentage of revenue that infringed each year. For example in 2010, 33.21% of the total revenue was determined to be driven by the advertising expenses using the images in question.  To allocate the fixed expenses, we applied this percentage to the total fixed expenses.  Using this methodology, we allocated a total of $3,478,282 to the infringing revenue.

We noted that the defendant used an accelerated method and expensing options of depreciation.  We were not provided with Tax Returns or depreciation schedules that reflect the actual methods used.  Therefore, we estimated that the accelerated depreciation was double the amount of actual depreciation.  We then allocated depreciation using the same methodology described above.

We noted that included in the account "outside services/lender fees" were many payments to entities such as GE Capital, American Healthcare, Check Center, and Transfirst LLC.  There is no indication or explanation as to what these payments are for.  We have included these as fixed expenses in our analysis; however, we reserve the right to remove them once we receive more information through discovery.

After deducting the allocated fixed costs and depreciation from the incremental profits earned, the result is a net profit earned by the infringer of $1,411,466, as shown on Schedule 1.

## SUMMARY

Based upon the analysis, it is the appraiser's opinion that the profits earned by the Defendant from the billboards which portrayed the images owned by the Plaintiff from 2009 through April 2013 total $1,411,466, as shown on Schedule 1.

## QUALIFICATIONS AS AN EXPERT

- Exhibit No. 2 – Curriculum Vitae of Henry J. Kahrs
- Exhibit No. 3 – Summary of Expert Testimony

## LIST OF ALL PUBLICATIONS AUTHORED

I have published two articles.  The first is titled "Hire an Accounting Expert to Sort out the Bills." Source: Business Insurance, August 18, 1997.  The second is titled "Cross-Examining a Financial Expert." Source: For the Defense, July 2007.

RGL forensics
Discovering & Defining Financial Value

Eric Schiffer, Esq.
November 25, 2013

## HOURLY RATES AND COMPENSATION

My current hourly rate is $435 for analysis and $500 for deposition and trial testimony.  I am paid a draw and a bonus as a shareholder in RGL, Inc., and therefore received no direct compensation for this assignment.  RGL is paid on an hourly basis and has no financial interest in the outcome of this case.

Sincerely,
RGL, Inc.

by Henry J. Kahrs, CPA, CFE, CMA, ABV
hkahrs@us.rgl.com

HJK/bc

*Hendricks v. Physicians Skin Weight Centers, Inc.*

Schedule 1

## CALCULATION OF PROFIT EARNED BY PHYSICIANS SKIN AND WEIGHT CENTERS

| Description | Reference | Percentage of Revenue | As Calculated 2009 | 2010 | 2011 | 2012 | 2013 | Total |
|---|---|---|---|---|---|---|---|---|
| Increased Net Revenue | 2 | | $ 106,241 | $ 1,480,164 | $ 4,002,257 | $ 1,480,858 | $ 214,824 | $ 7,284,343 |
| **Less Variable Costs** | | | | | | | | |
| Janitorial | 3 | 0.16% | 171 | 2,378 | 6,430 | 2,379 | 345 | 11,703 |
| Lab Fees | 3 | 1.25% | 1,333 | 18,570 | 50,213 | 18,579 | 2,695 | 91,390 |
| Late Fee | 3 | 0.00% | 4 | 54 | 147 | 54 | 8 | 267 |
| Medical Supplies | 3 | 6.26% | 6,650 | 92,647 | 250,510 | 92,690 | 13,446 | 455,943 |
| Office Supplies | 3 | 0.89% | 945 | 13,167 | 35,602 | 13,173 | 1,911 | 64,798 |
| Postage and delivery | 3 | 0.02% | 19 | 264 | 715 | 265 | 38 | 1,301 |
| Supplies/Food purchases | 3 | 1.71% | 1,819 | 25,345 | 68,531 | 25,357 | 3,678 | 124,730 |
| Wages-Commissions | 3 | 1.91% | 2,031 | 28,295 | 76,508 | 28,308 | 4,107 | 139,249 |
| **Total Variable Costs** | | 12.21% | 12,972 | 180,720 | 488,656 | 180,805 | 26,228 | 889,381 |
| **Contribution Margin** | | | 93,269 | 1,299,444 | 3,513,601 | 1,300,053 | 188,596 | 6,394,962 |
| **Less Additional Fixed Operating Expenses** | | | | | | | | |
| Advertising (Clear Channel & CBS) | 4 | | 34,800 | 296,378 | 735,037 | 250,024 | 55,429 | 1,371,669 |
| Fixed Costs (Excluding Advertising) | (A) | | 53,216 | 597,784 | 1,828,799 | 970,435 | 28,049 | 3,478,282 |
| **Total Fixed Operating Expenses** | | | 88,016 | 894,162 | 2,563,836 | 1,220,459 | 83,479 | 4,849,951 |
| **Subtotal** | | | $ 5,253 | $ 405,282 | $ 949,765 | $ 79,594 | $ 105,117 | $ 1,545,011 |
| Less Depreciation & Amortization | (B) | | 6,970 | 45,413 | 75,482 | 5,680 | - | 133,545 |
| **Net Profit Earned By Physician Skin And Weight Centers** | | | $ (1,717) | $ 359,869 | $ 874,283 | $ 73,914 | $ 105,117 | $ 1,411,466 |

**Note:**
(A) Fixed costs excluding advertising are allocated as follows:

| Fixed Expenses | Less Advertising | Fixed Expenses Excluding Advertising From Sch 3 | Total Net Revenue | Increased Net Revenue | Percentage of Revenue | Allocated Fixed Cost |
|---|---|---|---|---|---|---|
| $ 1,276,244 | $ 218,278 | $ 1,057,966 | $ 2,110,261 | $ 106,241 | 5.03% | $ 53,216 |
| 2,470,858 | 670,846 | 1,800,012 | 4,457,619 | 1,480,164 | 33.21% | 597,784 |
| 3,858,657 | 1,091,104 | 2,767,552 | 6,056,977 | 4,002,257 | 66.08% | 1,828,799 |
| 4,334,634 | 913,997 | 3,420,637 | 5,219,245 | 1,480,858 | 28.37% | 970,435 |
| | | | 2,183,119 | 214,824 | 9.84% | 28,049 |
| $ 2,894,225 | | | $ 20,027,220 | $ 7,284,343 | | $ 3,478,282 |

(B) Based on 50% of actual annual depreciation extended by the revenue percentages calculated in Note A.

Preliminary & tentative, subject to discussion.

RGL Forensics
Discovering & Defining Financial Value

*Hendricks v. Physicians Skin Weight Centers, Inc.*

SUMMARY OF FORECASTED REVENUES                                      *Schedule 2*

| Month | Revenue | Smoothed Data | |
|---|---|---|---|
| | | Forecast Revenue Clear Channel & CBS | Forecast Revenue Other Advertising |
| 2009.03 | 122,878 | 4,307 | 73,085 |
| 2009.04 | 123,640 | 5,384 | 99,830 |
| 2009.05 | 135,028 | 3,230 | 114,303 |
| 2009.06 | 177,331 | 1,795 | 107,809 |
| 2009.07 | 181,230 | 12,562 | 104,649 |
| 2009.08 | 154,347 | 12,562 | 83,379 |
| 2009.09 | 268,617 | 16,151 | 90,081 |
| 2009.10 | 245,134 | 3,589 | 95,713 |
| 2009.11 | 266,260 | 3,589 | 105,015 |
| 2009.12 | 258,493 | 43,071 | 134,766 |
| 2010.01 | 277,040 | 71,784 | 133,041 |
| 2010.02 | 372,926 | 108,484 | 153,036 |
| 2010.03 | 353,819 | 109,202 | 154,919 |
| 2010.04 | 376,606 | 126,071 | 169,509 |
| 2010.05 | 260,547 | 133,775 | 160,340 |
| 2010.06 | 400,352 | 128,391 | 151,485 |
| 2010.07 | 373,818 | 173,512 | 150,722 |
| 2010.08 | 344,515 | 179,178 | 179,008 |
| 2010.09 | 360,162 | 161,774 | 232,758 |
| 2010.10 | 423,854 | 94,160 | 271,422 |
| 2010.11 | 461,009 | 61,319 | 277,232 |
| 2010.12 | 453,494 | 132,516 | 288,532 |
| 2011.01 | 463,440 | 212,938 | 266,133 |
| 2011.02 | 393,804 | 342,150 | 253,680 |
| 2011.03 | 663,600 | 391,009 | 192,102 |
| 2011.04 | 536,820 | 422,369 | 180,942 |
| 2011.05 | 648,533 | 438,386 | 178,263 |
| 2011.06 | 634,979 | 373,279 | 178,400 |
| 2011.07 | 611,160 | 346,216 | 172,422 |
| 2011.08 | 446,754 | 343,614 | 173,078 |
| 2011.09 | 538,010 | 374,579 | 167,192 |
| 2011.10 | 389,552 | 343,903 | 186,469 |
| 2011.11 | 325,540 | 233,579 | 181,263 |
| 2011.12 | 404,784 | 180,235 | 249,705 |
| 2012.01 | 369,274 | 128,447 | 314,741 |
| 2012.02 | 435,494 | 145,765 | 378,574 |
| 2012.03 | 488,765 | 153,392 | 325,257 |
| 2012.04 | 602,587 | 188,344 | 262,511 |
| 2012.05 | 712,806 | 188,075 | 282,512 |
| 2012.06 | 472,231 | 179,102 | 402,039 |
| 2012.07 | 432,992 | 145,722 | 512,888 |
| 2012.08 | 368,196 | 122,886 | 499,178 |
| 2012.09 | 354,198 | 69,362 | 428,728 |
| 2012.10 | 396,633 | 78,335 | 359,916 |
| 2012.11 | 342,146 | 34,591 | 337,032 |
| 2012.12 | 243,923 | 46,839 | 312,272 |
| 2013.01 | 311,254 | 34,277 | 255,248 |
| 2013.02 | 477,412 | 52,005 | 210,171 |
| 2013.03 | 734,175 | 52,398 | 202,914 |
| 2013.04 | 660,277 | 76,144 | 205,353 |
| Total | 19,850,442 | 7,284,343 | 10,999,615 |

**Annual Recap**

| | | | |
|---|---|---|---|
| 2009 | $ | 106,241 | $ 1,008,628 |
| 2010 | | 1,480,164 | 2,322,004 |
| 2011 | | 4,002,257 | 2,379,648 |
| 2012 | | 1,480,858 | 4,415,649 |
| 2013 (Through April) | | 214,824 | 873,686 |
| | | | |
| Total | $ | 7,284,343 | $ 10,999,615 |
| | | To Sch 1 | |

Preliminary & tentative, subject to discussion.

RGL Forensics — Discovering & Defining Financial Value

Schedule 2

Hendricks v. Physicians Skin Weight Centers, Inc.

## ANALYSIS OF OPERATIONS
Source: internal general ledgers, Physicians Skin and Weight Centers, Inc.

| Description | Expense Type | 2009 Amount | 2009 Monthly Average | 2009 % of Sales | 2010 Amount | 2010 Monthly Average | 2010 % of Sales | 2011 Amount | 2011 Monthly Average | 2011 % of Sales | 2012 Amount | 2012 Monthly Average | 2012 % of Sales | 2009-2012 Amount | 2009-2012 Monthly Average | 2009-2012 % of Sales |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income:** | | | | | | | | | | | | | | | | |
| Patient Fees | | 2,115,303 | 176,275 | 100.24% | 4,578,751 | 381,563 | 102.72% | 6,295,416 | 524,618 | 103.94% | 5,368,153 | 447,346 | 102.85% | 18,357,623 | 382,450 | 102.89% |
| Refunds to insurance | | (1,124) | (94) | -0.05% | | | | (191) | (19,716) | -3.91% | | (12,409) | -2.85% | (911) | (19) | -0.01% |
| Refunds to Patients | | | | | (120,672) | (10,056) | -2.71% | (236,622) | | | (148,909) | | | (507,327) | (10,569) | -2.84% |
| Returned Checks | | (3,918) | (326) | -0.19% | (465) | (38) | -0.01% | | | -0.05% | | | | (4,378) | (91) | -0.02% |
| **Total Income** | | 2,110,261 | 175,855 | 100.00% | 4,457,619 | 371,468 | 100.00% | 6,056,977 | 504,748 | 100.00% | 5,219,245 | 434,937 | 100.00% | 17,844,102 | 371,752 | 100.00% |
| **Less Variable Costs** | | | | | | | | | | | | | | | | |
| Janitorial | Variable | | | 0.00% | 4,133 | 344 | 0.09% | 9,073 | 756 | 0.15% | 12,073 | 1,006 | 0.23% | 25,279 | 527 | 0.14% |
| Lab Fees | Variable | 1,507 | 126 | 0.07% | 48,515 | 4,043 | 1.09% | 76,313 | 6,334 | 1.26% | 72,870 | 6,073 | 1.40% | 198,906 | 4,144 | 1.11% |
| Lab Tests | Variable | | | 0.00% | 532 | 44 | 0.01% | | | | | | | 532 | 12 | 0.00% |
| Medical Supplies | Variable | 192,935 | 15,245 | 8.67% | 297,295 | 24,775 | 6.67% | 325,842 | 27,162 | 5.38% | 361,579 | 30,132 | 6.93% | 1,167,783 | 24,328 | 6.54% |
| Office Supplies | Variable | 10,885 | 907 | 0.52% | 19,635 | 1,636 | 0.44% | 31,978 | 2,665 | 0.53% | 85,250 | 7,862 | 1.67% | 156,849 | 3,268 | 0.89% |
| Postage and delivery | Variable | 816 | 68 | 0.04% | 72 | 6 | 0.00% | 622 | 52 | 0.01% | 2,117 | 176 | 0.04% | 3,626 | 76 | 0.02% |
| Surgical/Product purchases | Variable | 121,863 | 10,155 | 5.77% | 160,488 | 13,374 | 3.60% | 62,453 | 5,204 | 1.03% | 46,472 | 3,873 | 0.89% | 391,264 | 8,151 | 2.19% |
| Wages-Commissions | Variable | 62,007 | 5,167 | 2.94% | 157,045 | 13,087 | 3.52% | 61,612 | 5,151 | 1.02% | 81,015 | 6,751 | 1.77% | 47,008 | 7,558 | 1.91% |
| **Total Variable Costs** | | 380,031 | 31,667 | 18.01% | 687,716 | 57,310 | 15.43% | 567,892 | 47,324 | 9.38% | 665,421 | 55,452 | 12.75% | 2,320,030 | 47,258 | 12.90% |
| **Contribution Margin** | | 1,730,250 | 144,188 | 81.99% | 3,769,903 | 314,159 | 84.57% | 5,489,086 | 457,424 | 90.62% | 4,553,823 | 379,485 | 87.25% | 15,540,072 | 323,814 | 87.10% |
| **Less Fixed Expenses:** | | | | | | | | | | | | | | | | |
| Advertising and promotion | Fixed | 218,278 | 18,190 | 10.34% | 670,846 | 55,904 | 15.05% | 1,091,104 | 90,925 | 18.01% | 913,997 | 76,166 | 17.51% | 2,894,225 | 60,296 | 16.22% |
| Annual Membership Fee | Fixed | 1,287 | 107 | 0.06% | 705 | 59 | 0.02% | | | | | | 0.00% | 1,992 | 41 | 0.00% |
| Bank Service Charges | Fixed | | | 0.00% | | | 0.00% | 2,014 | 168 | 0.03% | 10,084 | 840 | 0.19% | 294 | 6 | 0.00% |
| Books and publications | Fixed | | | 0.00% | 8 | 1 | 0.00% | 71 | 6 | 0.00% | | | | 71 | 1 | 0.00% |
| Cash Advance | Fixed | | | 0.00% | 97 | 8 | 0.00% | | | | | | | 97 | 2 | 0.00% |
| Computers | Fixed | 3,791 | 316 | 0.18% | 17,739 | 1,478 | 0.40% | 38,750 | 3,229 | 0.64% | 35,649 | 2,871 | 0.68% | 95,929 | 1,999 | 0.54% |
| Contract Labor | Fixed | | | 0.00% | 2,475 | 206 | 0.06% | | | | | | | 2,475 | 52 | 0.01% |
| Dues & Subscriptions | Fixed | 410 | 34 | 0.02% | 4,636 | 303 | 0.08% | 9,664 | 822 | 0.16% | 2,274 | 189 | 0.04% | 16,760 | 337 | 0.09% |
| Education and training | Fixed | 22,023 | 1,835 | 1.04% | 1,700 | 142 | 0.04% | 349 | 29 | 0.01% | 790 | 66 | 0.02% | 24,869 | 518 | 0.14% |
| Employee Discount | Fixed | 921 | 77 | 0.04% | 4,738 | 395 | 0.10% | 6,688 | 556 | 0.11% | 9,001 | 755 | 0.17% | 21,348 | 445 | 0.12% |
| Employee Medical Insurance | Fixed | 12,410 | 1,034 | 0.59% | 25,704 | 2,142 | 0.58% | 53,309 | 4,442 | 0.88% | 69,265 | 5,772 | 1.33% | 160,688 | 3,346 | 0.90% |
| Employee Welfare | Fixed | 3,307 | 275 | 0.16% | 868 | 72 | 0.02% | 138 | 12 | 0.00% | 2,326 | 194 | 0.04% | 6,639 | 138 | 0.04% |
| Equipment Rental | Fixed | 25,980 | 2,165 | 1.23% | 55,838 | 4,653 | 1.25% | 39,344 | 3,279 | 0.65% | 38,415 | 3,201 | 0.74% | 159,577 | 3,325 | 0.89% |
| Insurance | Fixed | 23,563 | 1,889 | 0.96% | 55,656 | 4,635 | 1.22% | 86,781 | 7,233 | 1.43% | 122,478 | 10,206 | 2.35% | 294,157 | 6,128 | 1.65% |
| Interest Expense | Fixed | 20,266 | | 0.96% | 17,833 | 1,486 | 0.40% | 13,187 | 1,130 | 0.22% | 6,021 | 498 | 0.11% | 57,319 | 1,200 | 0.32% |
| Licenses and Permits | Fixed | 1,053 | 88 | 0.05% | 2,308 | 192 | 0.05% | 700 | 58 | 0.01% | 5,493 | 458 | 0.11% | 9,554 | 199 | 0.05% |
| Maintenance/Repair | Fixed | | | 0.00% | 2,769 | 231 | 0.06% | | | | | | | 2,769 | 57 | 0.02% |
| Membership | Fixed | | 46 | 0.03% | 100 | 8 | 0.00% | | | | 1,050 | 88 | 0.02% | 1,700 | 35 | 0.01% |
| Merchant fees | Fixed | 550 | | | 4,121 | 343 | 0.09% | 5,566 | 464 | 0.09% | 6,908 | 6,868 | 0.13% | 19,318 | 391 | 0.11% |
| Miscellaneous | Fixed | 3,247 | 187 | 0.11% | 3,300 | 275 | 0.07% | 6,314 | 526 | 0.10% | 24,919 | 2,077 | 0.48% | 37,481 | 781 | 0.21% |
| Mktg expense | Fixed | 2,969 | 247 | 0.14% | | | | | | | | | 0.00% | | | |
| Office cleaning | Fixed | | | | 417 | | | | | | | | | 417 | | 0.00% |
| Office expense | Fixed | | | 0.00% | 5,000 | | | | (100) | | 5,000 | | | 5,000 | 104 | 0.03% |
| Other bank charges | Fixed | | | | 942 | 79 | 0.02% | | | | | | | | | |
| Other deductions/Lender fees | Fixed | 160,336 | 13,363 | 7.60% | 211,751 | 17,646 | 4.75% | 270,000 | 22,500 | 4.46% | 213,970 | 17,831 | 4.10% | 862,551 | 17,980 | 4.53% |
| Parking | Fixed | 64 | 5 | 0.00% | 454 | 38 | 0.01% | | | | 631 | 53 | 0.01% | 1,244 | 26 | 0.01% |
| Payroll | Fixed | 47,533 | 3,961 | 2.25% | 107,919 | 8,993 | 2.42% | 212,981 | 17,715 | 3.52% | 188,431 | 15,703 | 3.61% | 556,864 | 11,601 | 3.02% |
| Penalties | Fixed | | | | 629 | 52 | 0.01% | | | | | | | 629 | 13 | 0.00% |
| Physician contribution | Fixed | | | | 46,465 | 3,874 | 1.04% | 92,520 | 7,710 | 1.53% | 97,576 | 8,131 | 1.87% | 236,562 | 4,930 | 1.33% |
| Printing and reproduction | Fixed | 5,148 | 429 | 0.24% | 3,346 | 279 | 0.08% | 1,902 | 160 | 0.03% | | 83 | 0.02% | 10,396 | 217 | 0.06% |
| Professional Fees | Fixed | 14,553 | 1,213 | 0.69% | 161,036 | 13,420 | 3.61% | 245,732 | 20,478 | 4.06% | 298,614 | 24,887 | 5.72% | 719,983 | 14,999 | 4.03% |
| Recruiting | Fixed | 100 | 8 | 0.00% | | | | | | | | | | 100 | 2 | 0.00% |
| Rent | Fixed | 2,749,177 | 229,098 | 130.86% | 2,832,893 | 232,863 | 70.00% | 323,550 | 26,960 | 5.34% | 433,386 | 36,115 | 8.30% | 1,216,676 | 25,389 | 6.83% |
| Repairs | Fixed | 5,119 | 427 | 0.24% | 35,809 | 2,589 | 0.96% | 43,980 | 3,719 | 0.11% | 34,514 | 2,876 | 0.66% | 52,101 | 1,085 | 0.29% |
| Security Service | Fixed | 750 | 63 | 0.04% | 2,982 | 249 | 0.07% | | | | 1,916 | | 0.04% | 6,662 | 128 | 0.05% |
| State corporation fees | Fixed | 250 | 21 | 0.01% | | | | 570 | 3,719 | 0.00% | | 250 | 0.05% | 250 | 5 | 0.00% |
| Taxes | Fixed | | | | 8,969 | 747 | 0.20% | 9,213 | 768 | 0.15% | | | | 18,163 | 378 | 0.10% |
| Telephone (75%) | Fixed | 5,447 | 454 | 0.26% | 14,171 | 1,181 | 0.32% | 19,507 | 1,626 | 0.32% | 23,898 | 1,990 | 0.46% | 63,112 | 1,315 | 0.35% |
| Training | Fixed | 13,234 | | | 10,363 | 914 | 0.34% | 8,648 | 645 | 0.11% | 18,367 | 1,530 | 0.35% | 50,933 | 1,215 | 0.29% |
| Utilities | Fixed | 4,539 | 378 | 0.22% | 8,866 | 739 | 0.20% | 8,488 | 707 | 0.14% | 16,546 | 1,379 | 0.32% | 38,323 | 798 | 0.21% |
| Wages-other | Fixed | 446,631 | 37,386 | 21.64% | 773,007 | 64,417 | 17.34% | 1,293,320 | 107,777 | 21.36% | 1,741,632 | 145,136 | 33.37% | 4,256,000 | 88,679 | 23.85% |
| **Total Fixed Expenses** | | 1,270,244 | 106,354 | 60.48% | 2,470,658 | 205,905 | 55.43% | 3,858,652 | 321,555 | 63.71% | 4,334,934 | 361,219 | 83.00% | 11,940,392 | 248,758 | 66.92% |
| **Subtotal** | | 454,016 | 37,835 | 21.51% | 1,299,044 | 108,254 | 29.14% | 1,630,429 | 135,869 | 26.92% | 219,190 | | 4.20% | 3,602,680 | 75,056 | 20.19% |
| **Less Depreciation & Amortization** | | | | | | | | | | | | | | | | |
| Amortization | Fixed | 1,687 | 140 | 0.08% | 1,687 | 139 | 0.04% | 1,687 | 139 | 0.03% | 1,667 | 139 | 0.03% | 6,668 | 139 | 0.04% |
| Depreciation | Fixed | 275,462 | 22,955 | 13.05% | 271,821 | 22,652 | 6.10% | 226,789 | 18,899 | 3.74% | 39,378 | 3,198 | 0.74% | 812,450 | 16,929 | 4.55% |
| **Total Depreciation & Amortization** | | 277,129 | 23,094 | 13.13% | 273,498 | 22,791 | 6.14% | 228,456 | 19,038 | 3.77% | 40,045 | 3,337 | 0.77% | 819,118 | 17,065 | 4.59% |
| **Subtotal** | | 176,887 | 14,741 | 8.38% | 1,025,550 | 85,463 | 23.01% | 1,401,973 | 116,831 | 23.15% | 179,145 | 14,929 | 3.43% | 2,783,562 | 57,991 | 15.60% |
| **Other Expenses** | | | | | | | | | | | | | | | | |
| Meals and Entertainment | NA | 2,912 | 243 | 0.14% | 10,540 | 878 | 0.24% | 12,489 | 1,041 | 0.21% | 9,562 | 797 | 0.18% | 35,502 | 740 | 0.20% |
| Cost Correction | NA | 10,846 | 904 | 0.51% | 9,005 | 750 | 0.20% | 677 | 2,081 | 0.01% | 2,951 | 246 | 0.05% | 32,122 | 669 | 0.18% |
| Auto Expenses | NA | 8,457 | 705 | 0.40% | 22,391 | 1,866 | 0.50% | 24,972 | 2,081 | 0.41% | 30,675 | 2,556 | 0.59% | 86,495 | 1,802 | 0.45% |
| Wages-Physician salary | NA | | | 0.00% | 300,000 | 25,417 | 6.67% | 653,750 | 54,479 | 10.79% | 384,500 | 32,375 | 7.36% | 1,333,250 | 28,193 | 7.38% |
| Telephone (25%) | NA | 1,816 | 151 | 0.09% | 4,724 | 394 | 0.11% | 6,502 | 542 | 0.11% | | 1,379 | 0.32% | 21,038 | 438 | 0.12% |
| **Total Other Expenses** | | 24,030 | 2,003 | 1.14% | 351,660 | 29,305 | 7.89% | 707,034 | 58,919 | 11.67% | 445,684 | 37,140 | 8.54% | 1,528,407 | 31,842 | 8.57% |

### Variable Cost Percentages
| | 2 Year Average | 3 Year Average | 4 Year Average |
|---|---|---|---|
| Janitorial | | 0.19% | 0.16% |
| Lab Fees | | 1.32% | 1.25% |
| Lab Tests | | | 0.00% |
| Medical Supplies | | 6.15% | 6.20% |
| Office Supplies | | 1.07% | 0.80% |
| Postage and delivery | | 0.02% | 0.02% |
| Surgical/Product purchases | | 0.97% | 1.71% |
| Wages-Commissions | | 1.27% | 1.91% |

Preliminary & tentative, subject to discussion.

RGL Forensics
*Discovering & Defining Financial Value*

Schedule 3

Hendricks v. Physicians Skin Weight Centers, Inc

# ANALYSIS OF OPERATIONS
Source: Internal general ledgers, Physicians Skin and Weight Centers, Inc.

| Description | Expense Type | 2009 Amount | 2009 Monthly Average | 2009 Percentage of Sales | 2010 Amount | 2010 Monthly Average | 2010 Percentage of Sales | 2011 Amount | 2011 Monthly Average | 2011 Percentage of Sales | 2012 Amount | 2012 Monthly Average | 2012 Percentage of Sales | Variable Cost Percentages 2 Year Average | Variable Cost Percentages 3 Year Average | 2009 - 2012 Amount | 2009 - 2012 Monthly Average | 2009 - 2012 Percentage of Sales |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Subtotal | | 152,857 | 12,738 | | 673,897 | 56,158 | 7.24% | 694,940 | 57,912 | 15.12% | (266,539) | (22,212) | 11.47% | | | 1,255,154 | 26,149 | 7.03% |
| **Plus other income:** | | | | | | | | | | | | | | | | | | |
| Interest income | | 1,592 | 133 | 0.08% | 2,903 | 242 | 0.07% | 2,781 | 232 | 0.05% | 1,878 | 140 | 0.03% | | | 8,955 | 187 | 0.05% |
| Miscellaneous income | | 21 | 2 | 0.00% | 275 | 23 | 0.01% | 1,008 | 84 | 0.02% | 5,145 | 429 | 0.10% | | | 6,449 | 134 | 0.04% |
| Other income | | | | 0.00% | | | 0.00% | | | 0.00% | 37,507 | 3,159 | 0.73% | | | 37,507 | 780 | 0.21% |
| Loss on sale of assets | | (800) | (67) | -0.04% | (800) | (67) | 0.00% | (148) | (12) | 0.00% | | | 0.00% | | | (148) | (3) | 0.00% |
| State income taxes | | | | | | | | (12,000) | (1,000) | -0.02% | (14,606) | (1,167) | -0.20% | | | (27,606) | (575) | -0.15% |
| Total other income | | 814 | 68 | 0.04% | 2,378 | 198 | 0.04% | (8,359) | (697) | 0.09% | 30,724 | 2,560 | 0.59% | | | 25,557 | 532 | 0.14% |
| **NET INCOME** | | 153,670 | 12,806 | 7.28% | 676,275 | 56,356 | 15.17% | 686,581 | 57,215 | 11.34% | (235,815) | (19,651) | -4.52% | | | 1,280,712 | 26,681 | 7.18% |

| Monthly Income Per P&Ls | 2009 | 2010 | 2011 | 2012 |
|---|---|---|---|---|
| January | 42,713 | 132,456 | 7,968 | (58,340) |
| February | 28,565 | 138,311 | 81,793 | (59,138) |
| March | 45,388 | 104,959 | 237,402 | (37,957) |
| April | 31,677 | 100,740 | 99,623 | 54,262 |
| May | 53,998 | (15,222) | 224,680 | 137,517 |
| June | 91,076 | 95,724 | 184,152 | (161,478) |
| July | 57,237 | 48,464 | 214,810 | (85,929) |
| August | 24,307 | 37,614 | (41,474) | (113,229) |
| September | 122,738 | 5,447 | 106,358 | (99,235) |
| October | 77,723 | 307,525 | (38,664) | (65,556) |
| November | 62,047 | 162,903 | (35,059) | (92,194) |
| December | (463,899) | (441,521) | (387,588) | 355,104 |
| Total | 153,571 | 676,800 | 686,581 | (235,795) |
| Difference | (100) | 524 | (0) | 20 |

Preliminary & tentative, subject to discussion.

**RGL Forensics**
*Discovering & Defining Financial Value*

Schedule 4

ANALYSIS OF MONTHLY REVENUE AND ADVERTISING COST

| Month/Year | Total Revenue | Advertising Clear Channel | Advertising CBS | Advertising Subtotal Clear Channel & CBS | Advertising Other | Total Advertising | Clear Channel & CBS Percentage of Total Advertising | Clear Channel & CBS Percentage of Revenue | Total Advertising Percentage of Revenue |
|---|---|---|---|---|---|---|---|---|---|
| Jan-09 | 61,751.93 | - | - | - | 5,200.63 | 5,200.63 | 0.0% | 0.00% | 8.43% |
| Feb-09 | 95,470.56 | - | - | - | 13,525.27 | 13,525.27 | 0.0% | 0.00% | 14.17% |
| Mar-09 | 122,877.60 | - | 800.00 | 800.00 | 14,263.37 | 15,063.37 | 5.3% | 0.65% | 12.26% |
| Apr-09 | 125,028.51 | - | 1,000.00 | 1,000.00 | 17,355.13 | 18,355.13 | 5.4% | 0.80% | 14.68% |
| May-09 | 153,085.51 | - | - | - | 20,069.97 | 20,069.97 | 0.0% | 0.00% | 14.65% |
| Jun-09 | 177,336.94 | 4,320.00 | 2,890.00 | 7,000.00 | 11,306.59 | 22,320.20 | 30.5% | 3.86% | 12.55% |
| Jul-09 | 181,296.46 | - | - | - | 22,320.20 | 22,320.20 | 0.0% | 0.00% | 8.77% |
| Aug-09 | 154,347.46 | - | 7,000.00 | 7,000.00 | 10,451.75 | 10,451.75 | 67.0% | 4.53% | 6.77% |
| Sep-09 | 208,616.96 | - | - | - | 14,367.20 | 14,367.20 | 0.0% | 0.00% | 6.89% |
| Oct-09 | 245,134.17 | - | 2,000.00 | 2,000.00 | 16,457.20 | 18,457.20 | 12.2% | 0.74% | 7.54% |
| Nov-09 | 236,250.47 | - | - | - | 18,473.21 | 18,473.21 | 0.0% | 0.00% | 5.51% |
| Dec-09 | 236,492.75 | 23,150.00 | 850.00 | 24,000.00 | 14,657.86 | 14,657.86 | 46.3% | 9.28% | 20.04% |
| Jan-10 | 277,286.82 | 15,000.00 | 1,000.00 | 16,000.00 | 27,810.83 | 51,810.83 | 47.5% | 5.13% | 12.10% |
| Feb-10 | 376,908.02 | 19,100.00 | 1,350.00 | 20,450.00 | 17,693.20 | 33,693.20 | 46.3% | 5.48% | 11.84% |
| Mar-10 | 333,516.49 | 24,400.00 | - | 24,400.00 | 23,899.85 | 44,149.85 | 46.3% | 6.80% | 15.60% |
| Apr-10 | 376,656.34 | 18,400.00 | 1,000.00 | 25,400.00 | 28,652.32 | 43,652.32 | 46.0% | 6.74% | 13.19% |
| May-10 | 280,546.93 | 21,400.00 | 6,342.58 | 24,742.58 | 19,553.20 | 44,295.78 | 51.1% | 6.74% | 17.00% |
| Jun-10 | 402,352.49 | 36,600.00 | 13,742.60 | 50,542.60 | 24,658.20 | 46,608.20 | 55.9% | 9.50% | 11.50% |
| Jul-10 | 373,817.81 | - | 9,540.00 | 9,540.00 | 23,346.20 | 74,488.80 | 67.9% | 13.52% | 19.93% |
| Aug-10 | 344,512.01 | 11,602.00 | 100.00 | 11,702.00 | 32,184.52 | 60,244.33 | 46.5% | 8.10% | 17.46% |
| Sep-10 | 390,162.00 | 635.00 | 12,241.48 | 11,702.00 | 48,964.17 | 60,666.17 | 19.3% | 3.25% | 16.64% |
| Oct-10 | 423,853.59 | - | 9,600.00 | 12,866.48 | 41,420.24 | 54,286.72 | 23.7% | 3.04% | 12.11% |
| Nov-10 | 460,460.00 | - | 37,674.61 | 9,600.00 | 34,971.59 | 44,571.59 | 21.5% | 2.09% | 9.67% |
| Dec-10 | 453,464.23 | 13,500.00 | 24,180.00 | 51,374.61 | 54,073.91 | 105,448.52 | 48.7% | 11.33% | 23.23% |
| Jan-11 | 453,459.83 | 33,500.00 | 24,180.00 | 57,680.00 | 31,201.37 | 88,881.37 | 64.9% | 12.66% | 19.30% |
| Feb-11 | 303,804.36 | 64,500.00 | 17,100.00 | 61,600.00 | 29,340.22 | 110,940.22 | 73.6% | 20.73% | 20.73% |
| Mar-11 | 665,600.49 | 64,500.00 | 14,100.00 | 78,600.00 | 26,228.13 | 104,828.13 | 75.0% | 11.64% | 15.60% |
| Apr-11 | 536,620.24 | 59,850.00 | 15,300.00 | 75,150.00 | 26,254.79 | 101,404.79 | 74.1% | 14.00% | 18.89% |
| May-11 | 646,530.77 | 72,375.00 | 16,150.00 | 88,525.00 | 28,126.79 | 116,651.79 | 75.9% | 13.69% | 18.30% |
| Jun-11 | 634,979.30 | 27,375.00 | 14,945.68 | 42,320.68 | 26,299.89 | 68,610.57 | 61.7% | 6.65% | 10.81% |
| Jul-11 | 611,160.28 | 31,375.00 | 28,700.00 | 60,075.00 | 23,251.80 | 83,250.80 | 71.8% | 9.83% | 16.88% |
| Aug-11 | 446,754.91 | 63,375.00 | 23,700.00 | 89,075.00 | 28,425.09 | 117,500.09 | 75.8% | 19.94% | 26.30% |
| Sep-11 | 538,010.37 | 54,975.00 | 4,600.00 | 59,575.00 | 23,628.06 | 83,203.06 | 71.6% | 11.07% | 15.46% |
| Oct-11 | 389,013.17 | - | 9,600.00 | 9,600.00 | 32,288.64 | 32,288.64 | 29.7% | 2.47% | 19.32% |
| Nov-11 | 325,539.78 | 13,500.00 | 14,100.00 | 27,600.00 | 26,071.67 | 53,671.67 | 51.4% | 8.48% | 16.49% |
| Dec-11 | 466,745.56 | 11,250.00 | 18,000.00 | 29,250.00 | 54,578.38 | 84,428.38 | 34.6% | 6.27% | 20.88% |
| Jan-12 | 366,273.89 | - | 14,133.94 | 14,133.94 | 61,878.53 | 75,802.47 | 18.6% | 3.62% | 20.73% |
| Feb-12 | 400,484.15 | 3,500.00 | 37,250.00 | 37,250.00 | 54,638.38 | 54,638.38 | 68.5% | 8.56% | 21.17% |
| Mar-12 | 682,587.01 | 24,500.00 | 9,600.00 | 34,100.00 | 30,468.39 | 64,568.39 | 52.8% | 6.98% | 13.21% |
| Apr-12 | 484,522.40 | 13,200.00 | 14,100.00 | 34,000.00 | 34,396.93 | 68,396.93 | 58.8% | 5.98% | 14.18% |
| May-12 | 472,230.56 | 24,500.00 | 17,000.00 | 37,000.00 | 64,843.38 | 98,843.38 | 30.7% | 5.20% | 24.06% |
| Jun-12 | - | 19,500.00 | 9,600.00 | 29,100.00 | 84,519.28 | 101,061.13 | 25.6% | 6.18% | 22.35% |
| Jul-12 | 368,186.75 | 19,500.00 | - | 9,800.00 | 113,619.28 | 113,619.28 | 8.6% | 3.86% | 6.52% |
| Aug-12 | - | 19,500.00 | 24,375.00 | 24,375.00 | 57,791.03 | 82,169.03 | 29.7% | 6.52% | 14.68% |
| Sep-12 | 15,000.00 | 15,000.00 | (725.00) | (725.00) | 53,036.61 | 52,311.61 | -1.4% | -0.13% | 18.23% |
| Oct-12 | 396,633.34 | 20,000.00 | 20,000.00 | 20,000.00 | 52,313.79 | 72,313.79 | 27.7% | 5.04% | 19.20% |
| Nov-12 | - | - | - | - | 47,432.35 | 47,432.35 | 0.0% | 0.00% | 12.83% |
| Dec-12 | 342,148.67 | 3,500.00 | 2,600.00 | 6,100.00 | 41,465.03 | 47,565.03 | 12.8% | 2.50% | 19.95% |
| Jan-13 | 311,253.83 | 13,000.00 | 13,000.00 | 13,000.00 | 26,537.32 | 39,537.32 | 32.9% | 4.18% | 12.70% |
| Feb-13 | 477,121.44 | 3,016.00 | 9,974.41 | 9,974.41 | 26,662.52 | 36,636.58 | 26.8% | 2.07% | 7.73% |
| Mar-13 | 734,175.22 | - | 6,316.98 | 6,316.98 | 38,183.32 | 44,502.30 | 14.2% | 0.86% | 6.06% |
| Mar-13 | 660,273.04 | 26,500.00 | 18,363.38 | 26,313.38 | 27,039.81 | 53,353.19 | 49.3% | 3.98% | 8.08% |
| **TOTAL** | **$ 20,027,644.47** | **$ 909,255.00** | **$ 462,413.59** | **$ 1,371,668.59** | **$ 1,697,195.05** | **$ 3,066,863.64** | **44.7%** | **6.85%** | **15.32%** |

Preliminary & tentative, subject to discussion.

**Results By Year**

| Year | Total Revenue | Clear Channel | CBS | Subtotal Clear Channel & CBS | Other | Total Advertising | % Tot Adv | % Rev CC&CBS | % Rev Tot Adv |
|---|---|---|---|---|---|---|---|---|---|
| 2009 | 2,110,161.6 | - | 7,330 | 7,330 | 153,478 | 218,278 | 15.9% | 1.65% | 10.34% |
| 2010 | 4,458,143 | 209,027 | 92,751 | 296,378 | 374,288 | 670,666 | 44.2% | 6.65% | 15.04% |
| 2011 | 5,932,827 | 530,000 | 215,007 | 738,987 | 395,067 | 1,134,054 | 67.4% | 12.14% | 24.06% |
| 2012 | 5,219,245 | 134,750 | 115,274 | 289,024 | 663,973 | 913,997 | 27.4% | 4.79% | 17.51% |
| 2013 | 2,183,119 | 23,379 | 32,051 | 66,429 | 119,390 | 174,819 | 31.7% | 2.54% | 8.01% |
| **Total** | **$ 20,027,644.4** | **$ 909,255** | **$ 462,414** | **$ 1,371,668** | | **$ 3,066,664** | **44.7%** | **6.85%** | **15.32%** |

**Note:**

(A) Clear channel advertising costs for December 2011 through February 2012 are allocated as follows:

| Month | Total Clear Channel | Allocated to Other Revenue | Clear Channel |
|---|---|---|---|
| Dec-11 | 22,500 | | 11,250 |
| Jan-12 | 28,145 | | 13,250 |
| Feb-12 | 26,500 | | |

To Sch 1

Hendricks v. Physicians Skin Weight Centers, Inc.

SUMMARY OF ASSETS AND DEPRECIATION

| Description | As of January 31, 2009 | Change | As of December 31, 2009 | Change | As of December 31, 2010 | Change | As of December 31, 2011 | Change | As of December 31, 2012 | Change | As of April 30, 2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Medical Equipment | $ 231,182 | $ 177,000 | $ 408,182 | $ 236,321 | $ 644,504 | $ 199,574 | $ 844,077 | $ 22,615 | $ 866,692 | $ - | $ 866,692 |
| Office Equipment | 4,844 | 6,804 | 11,649 | 16,413 | 28,062 | 7,356 | 35,418 | 1,815 | 37,233 | 5,645 | 42,878 |
| Office Furniture | 589 | 1,520 | 2,109 | 800 | 2,909 | 1,129 | 4,038 | 14,733 | 18,771 | 0 | 18,771 |
| Software Purchases | 5,100 | - | 5,100 | - | 5,100 | - | 5,100 | - | 5,100 | - | 5,100 |
| Vehicles | 2,000 | - | 2,000 | 11,280 | 13,280 | 10,861 | 24,141 | (2,000) | 22,141 | - | 22,141 |
| Total | 243,715 | 185,325 | 429,040 | 264,815 | 693,855 | 218,920 | 912,775 | 37,163 | 949,938 | 5,645 | 955,583 |
| Accumulated Depreciation | 99,204 | 275,462 | 374,666 | 271,821 | 646,487 | 225,164 | 871,651 | 36,378 | 908,029 | - | 908,029 |
| Net Assets | $ 144,511 | $ (90,137) | $ 54,374 | $ (7,006) | $ 47,368 | $ (6,244) | $ 41,124 | $ 785 | $ 41,909 | $ 5,645 | $ 47,554 |

Preliminary & tentative, subject to discussion.

*Hendricks v. Physicians Skin Weight Centers, Inc.*

SUMMARY OF MONTHLY REVENUE AND ADVERTISING COST

Exhibit No. 1



Preliminary & tentative, subject to discussion.

625 City Drive South, Suite 290
Orange, California 92868

Telephone  +1 714 740 2100
Facsimile  +1 714 740 2020

rgl.com



**Henry J Kahrs, CPA/ABV/CFF, CMA, CFE, CM Partner**

EXHIBIT NO. 2

hkahrs@us.rgl.com

## General Background

Mr. Kahrs has been involved exclusively in the field of Forensic Accounting since 1985. He has worked extensively with insurance companies and attorneys focusing the scope of his career on forensic accounting, the measurement of damages and litigation support. Mr. Kahrs has been involved in cases that include the calculation of damages due to breach of contract, trademark & copyright infringement, personal injury and wrongful death. Additionally, Mr. Kahrs has been involved in cases involving various fraud schemes, business valuation, marital dissolution and partnership/corporate dissolution.

## Educational Background

Bachelor of Science – Accounting
*Rochester Institute of Technology*

Master of Business Administration – Finance
*California State University - Fullerton*

## Professional Status

Partner, RGL – Forensic Accountants & Consultants
Member, American Institute of Certified Public Accountants
Member, California Society of Certified Public Accountants
Member, Institute of Management Accountants
Member, Financial Management Honor Society
Member, National Association of Forensic Economics
Member, Association of Certified Fraud Examiners
Candidate Member, American Society of Appraisers

## Professional History

| | |
|---|---|
| RGL, Orange County, CA | 1997 - Present |
| Campos & Stratis, Orange County | 1988 - 1996 |
| Campos & Stratis, LA | 1987 - 1988 |
| Campos & Stratis, Teaneck, NJ | 1985 - 1987 |

## Court Experience

Mr. Kahrs has testified as an expert witness for both Plaintiffs and Defendants

## Seminars & Publications

Mr. Kahrs participated in seminars and presentations involving investigative accounting, fraud and measurement of damages to colleagues and members of the insurance industry and legal profession. He has also authored and delivered numerous continuing legal and accounting education courses.

### Expertise

Adversarial Bankruptcy Proceedings
Business Interruption
Business Valuations
Construction Defect/Delay Claims
Contract Disputes
Corporate & Partner Dissolutions
Economic Loss Calculations
Employee Dishonesty/Litigation
Fire
Flood
Fraud
Loss of Profits
Marital Dissolution
Natural Disasters
Personal Injury
Shareholder Disputes
Stock Claims
Theft
Wrongful Death
Wrongful Evictions
Wrongful Termination

### Industry Experience

Automotive
Communication
Computer
Construction
Electronics
Energy
Entertainment
Health Care
Hospitality
Manufacturing
Printing
Real Estate
Retail
Sales
Services
Software/Hardware
Transportation
Wholesale

◢ United States  ◢ Europe  ◢ Asia Pacific

**SUMMARY OF EXPERT TESTIMONY - HENRY J. KAHRS, CPA, CMA, MBA, CFE, ABV**   Exhibit 3

| Case | Type of Testimony | Represented |
|---|---|---|
| Arnold vs. LNR | Deposition | Defense |
| PTS vs. Exxon | Deposition | Defense |
| PTS vs. Exxon | Deposition | Defense |
| Classic Concepts vs. Linen Source | Trial | Plaintiff |
| Parrish vs. Dziegel | Deposition | Defense |
| Westminster Teak vs. Harjono Sumali | Deposition | Plaintiff |
| Symantec vs. Power Media | Deposition | Defense |
| Voiceboard vs. SPX | Deposition | Defense |
| C&L Coatings vs. HHH | Deposition | Defense |
| Bacon vs. Via Bella | Trial | Defense |
| Coast Media Teleproductions vs. Meguiars | Deposition | Defense |
| Briskin vs. Blue | Trial | Defense |
| Helix Information Systems vs. Hawaiian Gardens Casino | Deposition | Plaintiff |
| Longstreet/Hudson vs. Darcor Construction | Deposition | Plaintiff |
| Marriage of Teng | Trial | Defense |
| Clayton vs. Hail | Deposition | Defense |
| Personnel Plus vs. Wahi | Deposition | Plaintiff |
| AT Systems vs. Longs Drugs | Deposition | Defense |
| Mammoth Pacific, Inc. vs. Mong-Go | Deposition | Defense |
| Anthony McPike vs. Ablestik | Trial | Defense |
| Quadri vs. Alkalyali | Deposition | Plaintiff |
| Franklin vs. American Tow | Hearing | Plaintiff |
| Leg Avenue vs. Mark Behar | Arbitration | Plaintiff |
| Plater vs. Russell Cochran | Deposition | Plaintiff |
| Bieszczad vs. Cochran | Deposition | Defense |
| Kirschbaum vs. Glass Block Window | Arbitration | Defense |
| Casale vs. New World Mortgage | Trial | Plaintiff |
| DiCorpo vs. St. Mary & All Angels School | Deposition | Defense |
| Weiout vs. Whittier Trust | Trial | Defense |
| Morse vs. Glendale Dodge | Deposition | Defense |
| Lash vs. I-Flow | Deposition | Plaintiff |
| Robinson Pharma vs. Julie WIlson | Arbitration | Plaintiff |
| Centaur vs. Fisher Phillips | Deposition | Defense |
| Dr. Jackson vs. Ira Levine | Trial | Plaintiff |
| Marriage of Boice | Trial | Defense |
| AMCO Beauty vs. Armstorng McCall | Deposition | Plaintiff |
| Omniglow vs. Kabaker, Vista | Deposition | Defense |
| Mountain View Recreation Center vs. Imperial Commercial Cooking Equipment, et. al. | Deposition | Plaintiff |
| Marina Pacifica HOA vs. William Lansdale | Deposition | Plaintiff |
| Welch vs. Ivy Hill | Trial | Defense |
| Marina Pacifica HOA vs. William Lansdale | Trial | Plaintiff |
| Pita Pit Sparks vs. Pita Pit Management Co. | Arbitration | Defense |
| Daryl Henry vs. Structured Investments | Deposition | Defense |
| Four Bucks vs. Nadal | Deposition | Defense |
| Four Bucks vs. Nadal | Trial | Defense |
| Daryl Henry vs. Structured Investments | Deposition | Defense |
| Sino Century vs. Anatomic | Deposition | Plaintiff |
| Radford vs. Structured Investments | Arbitration | Defense |
| Rathje vs. TWC | Deposition | Defense |
| Christy Smith vs A&R Wholesale | Deposition | Defense |
| Willis vs. Cheryl Downey | Deposition | Plaintiff |
| PC Specialists vs. Nexus, Inc. | Deposition | Defense |
| Colby vs. YSN | Deposition | Defense |
| Michael Avila vs. Seaway Company of Catalina | Trial | Defense |
| Romines vs. Gavigan | Arbitration | Plaintiff |
| Thomas Petroleum vs. Kenny Lloyd | Deposition | Defense |
| Hoffman vs. Dyck | Trial | Defense |
| Rathje vs. TWC | Trial | Defense |
| Halo Industries vs. Smith | Trial | Plaintiff |
| Marriage of Harrison | Deposition | Plaintiff |
| Peter Prescott vs. FNIC | Arbitration | Plaintiff |
| Strauss vs. Marks | Deposition | Defense |
| Strauss vs. Marks | Arbitration | Defense |
| Valentine vs. ICRco | Deposition | Plaintiff |
| Giftime vs. KWI | Deposition | Defense |
| Abramson vs. Marlton | Deposition | Defense |
| Roberts vs. Atlantic/Tonihka | Trial | Defense |
| Uniloc vs. Pusle | Deposition | Defense |
| Dr. Cao vs. Camacho | Trial | Plaintiff |
| Farah vs. Wedbush | Arbitration | Plaintiff |
| Marriage of Derickson | Trial | Plaintiff |
| Century Stadium vs. Auld Irisher | Trial | Plaintiff |
| Yamashita vs. Maeda | Deposition | Plaintiff |